| | |
|---|---|
| 1 | David D. Brisco (CA 238270)<br>COZEN O'CONNOR |
| 2 | Suite 1610, 501 West Broadway<br>San Diego, CA 92101 |
| 3 | Telephone: 619.234.1700<br>Toll Free Phone: 800.782.3366 |
| 4 | Facsimile: 619.234.7831 |
| 5 | Attorneys for Plaintiff,<br>JENNIFER ALDAWOODI DMD |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JENNIFER ALDAWOODI DMD, a Professional Dental Corporation, | ) | Case No.: **'17CV1698 BAS JMA** |
| | ) | |
| Plaintiffs | ) | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |
| vs. | ) | |
| CLAYTON COOKE DDS, an individual and Professional Dental Corporation; and DOES 1-10 inclusive, | ) | |
| Defendants. | ) | |

Plaintiff, Jennifer Aldawoodi DMD, also doing business as Rancho Santa Fe Cosmetic & Family Dentistry (hereinafter "Plaintiff"), alleges as follows:

### I. JURISDICTION AND VENUE

1. This is a Complaint for Trademark Infringement, Unfair Competition, and False Description arising under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description) and for common law copyright infringement under California Civil Code Section 980 and unfair competition under common law and California Business & Professions Code Sections 17200 and 17500.

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law tort claim pursuant to 28 U.S.C. §§ 1338(b) and 1337.

3. This Court has personal jurisdiction over the Defendant, Clayton Cooke DDS, because Defendant maintains his principal place of business in the State of California.

4. Venue is proper in this district under 28 U.S.C. 1391(a), in that all of the Defendants are subject to personal jurisdiction in this district at the time the action is commenced, and under 28 U.S.C. 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and the Defendants maintain their principal place of business in this district.

## II. THE PARTIES

5. At all times mentioned herein, Jennifer Aldawoodi DMD, a Professional Dental Corporation, aka Rancho Santa Fe Cosmetic & Family Dentistry ("Plaintiff") was, and is, a professional dental corporation authorized and licensed to do business in the State of California, with a principal place of business located at 5531 Cancha De Golf, Suite 102, Rancho Santa Fe, CA 92091.

6. Upon information and belief, Defendant Clayton Cooke DDS ("Defendant(s)" or "Cooke") is an individual and professional dental corporation doing business at 16081 San Dieguito Rd., Rancho Santa Fe, CA 92067.

7. The true names, involvement, or capacities, whether individual, corporate, governmental, associate, contractor, or sub-contractor of the Defendants named herein as a DOE are unknown to Plaintiff who therefore sue said Defendants by such fictitious names. Plaintiff prays for leave to amend the Complaint to show said Defendants' true names, involvement and capacities when the same finally have been determined.

8. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the Defendants designated herein as DOES 1 through 10 inclusive, negligently or otherwise are legally responsible in some manner for the events and happenings herein referred to, and negligently or otherwise caused injury and damages to Plaintiff as is herein alleged.

9. At all times herein mentioned, each and every Defendant herein was the agent, servant, employee, or partner of each of the other, and each was acting within the course and scope of his agency, service, and employment.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## III. FACTUAL BACKGROUND

10. Plaintiff operates Rancho Santa Fe Cosmetic & Family Dentistry as a family general dentist practice out of Plaintiff's office in Rancho Santa Fe, California.

11. Plaintiff was registered as a California corporation in March 2016.

12. Since that time Plaintiff has continually used "Rancho Santa Fe Cosmetic & Family Dentistry" (the "Mark") as its brand name.

13. In choosing the name Rancho Santa Fe Cosmetic & Family Dentistry, Plaintiff conducted a thorough search and found that no business, including Defendant, were using any variation of Rancho Santa Fe Dentistry as their business name in this region.

14. Plaintiff has spent a significant amount of money advertising, marketing, and promoting the Mark in Plaintiff's community, including but not limited to:

    a. print advertising using the Mark, including local mailers, business cards, appointment cards, promotional offers, toothbrushes and customized packaging;

    b. electronic advertising using the Mark, including social media such as Facebook, Google+, YouTube, and Twitter. Additionally, Plaintiff currently has numerous positive reviews on Yelp and appears first in both Yelp and Google listings for "Rancho Santa Fe Dentist", and "Rancho Santa Fe Dentistry" due to extensive marketing efforts and community involvement. Plaintiff has also performed paid advertising on Google, Facebook, and Bing.

    c. promoting the Mark through Plaintiff's website www.RSFDentist.com which Plaintiff registered on May 2, 2016 and has significant traffic, including over 9,000 unique visitors, 12,500 visits, and 18,400 page views in 2017 alone. Additionally, Plaintiff has a popular blog on www.RSFDentist.com that Plaintiff personally writes and has spent a significant amount of time writing and researching various topics related to dentistry.

    d. signage using the Mark on both the exterior and interior of Plaintiff's dental office;

    e. providing extensive community support including offering a scholarship which has received over 600 applicants in 2017; charitable contributions and involvement with the

Rancho Santa Fe Tennis Club, The Rancho Santa Fe Garden Club, the Del Mar Chamber of Commerce, and the Rancho Santa Fe Friends.

      f.      extensive citing to Plaintiff, with reference to the Mark, as a credible source in the field of dentistry in numerous publications, including but not limited to, DePaul University, San Diego State University, Cal State University Long Beach, Fayetteville University, Golden West College, Vitamineshoppe, Del Mar Lifestyle Magazine, Lifezette, Excite.com, Ensurem.com, and livestrong.com.

      g.      listings in most major insurance carrier's directories as well as the San Diego County Dental Society and the California Dental Association;

      h.      local community events held in conjunction with the chamber of commerce at Plaintiff's dental office featuring food and beverages provided by the Plaintiff;

      i.      finalist as "best of" by the Union Tribune Newspaper in 2017 for both Cosmetic Dentistry and General Dentistry and currently nominated by the Del Mar Times for the North County San Diego "best dentist";

      j.      registration in July 2016 of Plaintiff's business name Rancho Santa Fe Cosmetic & Family Dentistry as a registered fictitious business name with the County of San Diego.

15.    As a result of these efforts, Plaintiff's customers and the general public have come to recognize Rancho Santa Fe Cosmetic & Family Dentistry and similar names such as Rancho Santa Fe Dentistry as Plaintiff's brand.

16.    Plaintiff's efforts has resulted in Plaintiff's Mark taking on a secondary meaning.

17.    Defendant Cooke has been practicing out of offices in Fallbrook and Rancho Santa Fe, California, for 30 years under the business name "Clayton Cooke DDS".

18.    Defendant's website is www.claytoncookedds.com

19.    Defendant's signage on his offices in Fallbrook and Rancho Santa Fe has historically been "Clayton Cooke DDS".

20.    Recently, and well after Plaintiff spent a significant amount of money, time, and resources promoting Plaintiff's Mark, including Rancho Santa Fe Cosmetic & Family Dentistry,

Defendant began using a new name - "Rancho Santa Fe Dentistry" - on new office signage. Defendant also registered a new web domain as www.ranchosantafedentistry.com.

21. The new name Defendant is suddenly using, Rancho Santa Fe Dentistry, is simply a shortened version of Plaintiff's business name Rancho Santa Fe Cosmetic & Family Dentistry.

22. Defendant's wrongful use of Plaintiff's Mark is likely to and has already in fact caused confusion, mistake, or deception in the minds of the public.

23. Defendant's business office in Rancho Santa Fe is located just three (3) miles away from Plaintiff's business. The proximity of two substantially similar named dental offices is causing additional confusion within the public.

24. Defendant's infringement constitutes a willful and malicious violation of Plaintiff's trademark rights, aimed at preventing Plaintiff from continuing to build a business around a Mark that it has long possessed, invested a significant amount of money, time, and resources into, and over which its rights are not incontestable.

**FIRST CAUSE OF ACTION**

**(Trademark Infringement Under Lanham Act Section 32)**

**Against All Defendants and Does 1 Through 10**

25. Plaintiff realleges the allegations of Paragraphs 1 through 24, and incorporates them by reference herein.

26. The words "Rancho Santa Fe" when combined with word(s) describing Plaintiff's business – Dentistry – creates a valid, protectable trademark that has taken on a secondary meaning as a result of Plaintiff's efforts in promoting her business name Rancho Santa Fe Cosmetic & Family Dentistry.

27. As discussed above, Plaintiff has established valid protectable trademark rights in the Mark – Rancho Santa Fe Cosmetic & Family Dentistry – and substantially similar names, through, among other things, the significant amount of money, time, and resources Plaintiff has spent establishing this trademark within the community.

28. Defendant's wrongful use of the name "Rancho Santa Fe Dentistry" and www.ranchosantafedentistry.com, without Plaintiff's consent, is an infringement of Plaintiff's

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

trademark rights and is likely to cause, and in fact has caused, confusion, mistake, and deception to the public and ordinary customers as to the source of the goods and services that are being offered and the affiliation with Plaintiff's Mark, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

29. By reason of the foregoing acts, Defendants are liable to Plaintiff for Trademark Infringement under 15 U.S.C. § 1114.

30. Plaintiff does have out of state customers so as to qualify as doing business in interstate commerce.

## SECOND CAUSE OF ACTION

**(Unfair Competition Under Lanham Act Section 43)**

**Against All Defendants and Does 1 Through 10**

31. Plaintiff realleges the allegations of Paragraphs 1 through 30, and incorporates them by reference herein.

32. Defendant's use of Plaintiff's Mark, and language substantially similar to Plaintiff's Mark, to promote, market or sell its products or services in direct competition with Plaintiff's products and services constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a). Defendant's use of Plaintiff's Mark, and language substantially similar to Plaintiff's Mark, is likely to cause, and in fact has caused, confusion, mistake and deception among consumers. Defendant's unfair competition has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

## THIRD CAUSE OF ACTION

**(False Description)**

**Against All Defendants and Does 1 Through 10**

33. Plaintiff realleges the allegations of Paragraphs 1 through 32, and incorporates them by reference herein.

34. Defendant's wrongful use of Plaintiff's Mark is such a colorable imitation and copy of Plaintiff's trademark established in the dentistry market for consumer products and services that Defendant's use thereof in the context of dentistry is likely to cause confusion, or to cause mistake,

or to deceive consumers as to the affiliation, connection or association of Plaintiff's products and services, or to deceive customers as to the origin, sponsorship, or approval by Plaintiff of Defendant's counterfeit products and services.

35. Plaintiff avers that Defendant's use of Plaintiff's Marks and substantially similar marks such as "Rancho Santa Fe Dentistry" comprises a false description or representation of Defendant's business or products under 15 U.S.C. § 1125(a) (Section 43(a) of the Latham Act).

## FOURTH CAUSE OF ACTION

**(Common Law Copyright Infringement)**

**Against All Defendants and Does 1 Through 10**

36. Plaintiff realleges the allegations of Paragraphs 1 through 35, and incorporates them by reference herein.

37. At all times relevant herein, Plaintiff has held and still holds the exclusive rights under California law and common law to reproduce, distribute, advertise, market, or promote the reproduction and distribution of the artwork, design, pictures, representation, model, words, and pattern for its Mark in any and all formats and mediums.

38. The artwork, design, pictures, representation, model and pattern of Plaintiff's Mark are original works in tangible form which have been widely disseminated and published since March 2016.

39. As discussed above, the significant money, time, and resources Plaintiff has spent promoting Plaintiff's Mark Rancho Santa Fe Cosmetic & Family Dentistry has resulted in the Mark taking on a secondary meaning.

40. The conduct herein complained of, including Defendant's change of his name to Rancho Santa Fe Dentistry, a substantially similar name to Plaintiff, was intentional, extreme, outrageous, fraudulent, and was done with reckless disregard of Plaintiff's rights. Defendant's acts have irreparably harmed and continue to harm Plaintiff's exclusive proprietary rights and constitute common law copyright infringement and unfair competition. Defendant's outrageous conduct supports an aware of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant and to deter Defendant from similar conduct in the future.

41. Each infringing use of Plaintiff's Mark constitutes a separate claim against Defendant under common law copyright and California Civil Code Section 980.

## **FIFTH CAUSE OF ACTION**

**(Common Law Injury to Business Reputation)**

**Against All Defendants and Does 1 Through 10**

42. Plaintiff realleges the allegations of Paragraphs 1 through 41, and incorporates them by reference herein.

43. Plaintiff alleges that Defendant's wrongful use of Plaintiff's trademark inures to and create a likelihood of injury to Plaintiff's business reputation because persons encountering Defendant and its products and services will believe that Defendant is affiliated with or related to or has the approval of Plaintiff, and any adverse reaction by the public as to Defendant and the quality of its products and services and the nature of its business will injure the business reputation of Plaintiff and the goodwill that it enjoys in connection with its Mark, including "Rancho Santa Fe Cosmetic & Family Dentistry", and substantially similar names such as "Rancho Santa Fe Dentistry".

## **SIXTH CAUSE OF ACTION**

**(Common Law Unfair Competition)**

**Against All Defendants and Does 1 Through 10**

44. Plaintiff realleges the allegations of Paragraphs 1 through 43, and incorporates them by reference herein.

45. The acts of Defendants constitute unfair competition under the common law of the State of California. Plaintiff expended significant time and resources in the goodwill associated with the products and services provided under its Mark. On information and belief, Defendant copied Plaintiff's business name and Mark and is benefiting off Plaintiff's goodwill without Plaintiff's authorization. Plaintiff has suffered harm as a result – including, for example, lost sales and customer confusion.

46. Plaintiff has suffered actual damages from Defendant's conduct, an amount to be proven at trial, but in excess of the jurisdictional requirements of this Court.

47. Defendant has received wrongful gains from its conduct in an amount to be proven at trial.

48. Defendant's acts complained of above were committed with fraud, malice, and oppression as those terms are defined in Cal. Civ. Code 3294. Defendant's actions were intended to cause harm to Plaintiff, did in fact cause harm to Plaintiff, and Defendant carried on its conduct with a willful and conscious disregard for Plaintiff's rights.

## SEVENTH CAUSE OF ACTION

**(Statutory Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200 & 17500)**

**Against All Defendants and Does 1 Through 10**

49. Plaintiff realleges the allegations of Paragraphs 1 through 48, and incorporates them by reference herein.

50. Defendant's acts constitute unlawful, unfair, or fraudulent business practices, and deceptive, untrue, or misleading advertising in violation of California statutory law, including violation of Cal. Bus. & Prof. Code 17200 and 17500, all to Plaintiff's injury. Moreover, the above-described acts constitute unfair competition under 15 U.S.C. 1125(a), and are therefore unlawful acts in violation of Cal. Bus. Code 17200 and 17500.

51. As a direct and proximate result of Defendant's acts, Defendant has received profits from, and will continue to profit from, wrongfully providing goods and services on Plaintiff's goodwill and from creating confusion in the public as to whose business is associated with the names Rancho Santa Fe Dentistry and Rancho Santa Fe Cosmetic & Family Dentistry.

52. Plaintiff is entitled to an injunction restraining Defendant and its officers, agents, employees, and all persons acting in concert or participation with them, from further engaging in any such acts of unfair competition as alleged above. Plaintiff has no adequate remedy at law for Defendant's continuing violation of Plaintiff's rights.

53. Plaintiff is further entitled to recover from Defendant the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Defendant as a result of Defendant's acts of unfair competition alleged herein. At present, Plaintiff cannot fully ascertain the amount of such damages, gains, profits, and advantages. Defendant should

be required to fully restore to Plaintiff any and all profits earned as a result of Defendant's unlawful and fraudulent actions, or to provide Plaintiff with any other restitutionary relief as the Court deems appropriate.

54. Plaintiff is informed and believes and on that basis alleges that the alleged acts of Defendant were willful and malicious, entitling Plaintiff to punitive damages.

55. Plaintiff has suffered actual damages from Defendant's conduct, an amount to be proven at trial, but in excess of the jurisdictional requirements of this Court.

56. Defendant has received wrongful gains from its conduct in an amount to be proven at trial.

57. Defendant's acts complained of above were committed with fraud, malice, and oppression as those terms are defined in Cal. Civ. Code 3294. Defendant's actions were intended to cause harm to Plaintiff, did in fact cause harm to Plaintiff, and Defendant carried on its conduct with a willful and conscious disregard for Plaintiff's rights.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. That Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendants, and each of them, be preliminarily and permanently enjoined from:

(a) Using Plaintiff's Mark or any substantially similar marks or colorable imitation thereof, including but not limited to Rancho Santa Fe Cosmetic & Family Dentistry and Rancho Santa Fe Dentistry.

(b) using any trademark that imitates or is confusingly similar to or in any way similar to Plaintiff's trademark "Rancho Santa Fe Cosmetic & Family Dentistry", or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's products and services or their connectedness to Defendants.

2. That Defendants be required to file with the Court and serve on Plaintiff within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Injunction;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3. That, pursuant to 15 U.S.C. § 1117 and state law, Defendants be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein, including Plaintiff's lost profits;

4. That, pursuant to 15 U.S.C. § 1117 and state law, Defendants be compelled to account to Plaintiff for any and all profits derived by it from its illegal acts complained of herein;

5. That the Defendants be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, advertising, promotional material or the like in possession, custody or under the control of Defendants bearing a trademark found to infringe on Plaintiff's trademark rights.

6. That the Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

7. For a declaratory judgment as to the parties' respective rights and obligations;

8. That the Court grant Plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and

9. For such other and further relief as the Court may deem just.


DATED: August 22, 2017                          COZEN O'CONNOR


By: _____
    DAVID D. BRISCO
    Attorneys for Plaintiff,
    JENNIFER ALDAWOODI DMD